## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR | ) | |
| ENVIRONMENTAL RESPONSIBILITY | ) | |
| 962 Wayne Ave., Suite 610 | ) | |
| Silver Spring, MD 20910 | ) | Civil Action 18-158 |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF HOMELAND SECURITY | ) | |
| 500 C Street, S.W., Mail Stop 3172 | ) | |
| Washington, D.C. 20472-3172 | ) | |
| | ) | |
| *Defendant,* | ) | |

_____

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff")

   brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et*

   *seq.*, as amended, to compel the United States Department of Homeland Security,

   ("DHS" or "Defendant"), Federal Emergency Management Agency, to disclose records

   wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's

   FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education

   concerning the activities and operation of federal, state, and local governments.

3. On September 1, 2017, Plaintiff sent a FOIA request seeking records related to the

   Strategic National Risk Assessment ("SNRA") prepared by DHS. This request

   specifically sought: (1) SNRA 2015 Findings [Report], May 2015; (2) SNRA 2015

Technical Appendix, May 2015; (3) SNRA 2015 Working Papers, May 2015; (4) PPD-8

Implementation Plan, May 2011; (5) SNRA Terms of Reference, June 2011; (6) SNRA

2015 Update Background and General Guidance, February 2015; (7) SNRA 2015

Qualitative Data Instructions, February 2015; (8) SNRA 2015 Risk Summary Sheet

Instructions & Template, February 2015; and (9) Any successor SNRA versions later

than May 2015.

4. The FOIA requires federal agencies to respond to public requests for records, including

files maintained electronically, to increase public understanding of the workings of

government and provide access to government information.  The FOIA reflects a

"profound national commitment to ensuring an open Government" and agencies must

"adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4,683

(Jan. 21, 2009).

5. The FOIA requires the agency to determine within 20 working days after receipt of a

FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).  The

agency may extend this time period only in "unusual circumstances" and then only for a

maximum of ten additional working days. 5. U.S.C. § 552(a)(6)(B)(i).

6. To date, Defendant has failed to make a determination concerning compliance or to

produce any records in response to Plaintiff's FOIA Case No. 2017-FEFO-02241.

7. Defendant's conduct amounts to a denial of Plaintiff's FOIA request.  Plaintiff is seeking

to educate the U.S. Congress, state and local decision-makers responsible for public

safety, and residents of communities at risk all across the country about the relative risks

identified by DHS. Defendant is frustrating that purpose.

8.  Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. §
    552(a)(6)(C)(i), and now seeks an order from the Court requiring Defendant to
    immediately produce the records sought in Plaintiff's FOIA request, as well as other
    appropriate relief, including attorney's fees and costs.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B).  This Court
    also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. This Court is a proper venue because Defendant is a government agency that resides in
    the District of Columbia.  *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the
    government or a government agency, a civil action may be brought in the district where
    the defendant resides).  Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for
    venue in FOIA cases where the plaintiff resides, where records are located, or in the
    District of Columbia).

11. This Court has authority to grant declaratory relief pursuant to the Declaratory
    Judgment Act, 28 U.S.C. § 2201, *et seq.*

12. This court has authority to award reasonable costs and attorneys' fees under 5 U.S.C.
    § 552(a)(4)(E).

## PARTIES

13. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington,
    D.C. and headquartered in Silver Spring, Maryland, with field offices in California,
    Colorado, Florida, Massachusetts, and Tennessee.

14. Among other public interest projects, PEER engages in advocacy, research, education,
    and litigation to promote public understanding and debate concerning key and current

3

public policy issues.  PEER focuses on the environment, including the regulation of

threats to human health, public land and natural resource management, public funding

of environmental and natural resource agencies, and ethics in government. PEER

educates and informs the public through news releases to the media, through its website,

www.peer.org, and through publication of the PEER newsletter.

15. Defendant, DHS, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

16. Defendant is charged with the duty to provide public access to records in its possession

    consistent with the requirement of the FOIA. Here, Defendant is denying the Plaintiff

    access to its records in contravention of federal law.

## STATEMENT OF FACTS

17. As part of its mission, Defendant DHS creates a "National Preparedness Report" on a

    regular basis that provides all levels of government, the private and nonprofit sectors,

    and the public with practical insights into preparedness to support decisions about

    program priorities, resource allocations, and community actions.

18. Within the 2015 National Preparedness Goal, which describes the Nation's approach to

    preparing for the threats and hazards that pose the greatest risk to the security of the

    United States, DHS declared:

> "Understanding the greatest risks to the Nation's security and resilience is a critical
> step in identifying core capabilities…The information gathered during a risk
> assessment also enables a prioritization of preparedness efforts and an ability to
> identify our capability requirements.
>
> The Strategic National Risk Assessment indicates that a wide range of threats and
> hazards continue to pose a significant risk to the Nation, affirming the need for an
> all-hazards, capability-based approach to preparedness planning." (pg. 4)

19.  While the 2015 National Preparedness Goal document summarizes some "key findings" of the Strategic National Risk Assessment ("SNRA"), the assessment itself is not readily available.

20. On September 1, 2017, Plaintiff sent a FOIA request seeking records related to the SNRA, specifically: (1) SNRA 2015 Findings [Report], May 2015; (2) SNRA 2015 Technical Appendix, May 2015; (3) SNRA 2015 Working Papers, May 2015; (4) PPD-8 Implementation Plan, May 2011; (5) SNRA Terms of Reference, June 2011; (6) SNRA 2015 Update Background and General Guidance, February 2015; (7) SNRA 2015 Qualitative Data Instructions, February 2015; (8) SNRA 2015 Risk Summary Sheet Instructions & Template, February 2015; and (9) Any successor SNRA versions later than May 2015.

21. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of the receipt to respond, or to assert the need for an extension. *See also* 6 C.F.R. § 5.6. The statutory production deadline has passed.

22. On September 12, 2017, Defendant sent an email acknowledging receipt of Plaintiff's FOIA request. Defendant assigned it request No. 2017-FEFO-02241.

23. Having received no further response, on December 12, 2017, Plaintiff emailed both the DHS and FEMA FOIA Officers to inquire about the status of this FOIA request but received contradictory responses as to which DHS component – FEMA or the National Protection and Programs Directorate -- is tasked with handling this request. No further response or determination was provided.

24. As of this January 25, 2018 filing, Plaintiff has not received any records responsive to its FOIA request nor any determination from Defendant.

25. Administrative remedies are constructively exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i).  Having fully exhausted its administrative remedies for its September 1, 2017 FOIA request, Plaintiff now turns to this Court to enforce the FOIA's guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

26. Plaintiff incorporates the allegations of the preceding paragraphs.

27. Defendant's failure to make a determination on the request or disclose the records requested under Request No. 2017-FEFO-02241 within the time limits mandated by statute is a constructive denial and wrongful withholding of records in violation of the FOIA, 5 U.S.C. § 552, and the Department of Homeland Security's regulations promulgated thereunder, 6 C.F.R. § 5.1 *et seq.*

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i.    Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii.   Issue a permanent injunction directing the Defendant disclose to Plaintiff all wrongfully withheld records;

iii.  Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of the court;

iv.   Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.    Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on January 25, 2018,

_____/s/_____
Paula Dinerstein
Public Employees for Environmental Responsibility
962 Wayne Avenue, Suite 610
Silver Spring, MD 20910
(202) 265-7337

*Attorney for Plaintiff*