## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY 962 Wayne Ave., Suite 610 Silver Spring, MD 20910, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 18-0158 (CKK) |
| U.S. DEPARTMENT OF HOMELAND SECURITY 500 C Street, S.W., Mail Stop 3172 Washington, D.C. 20472-3172, | ) ) ) ) | |
| Defendant. | ) ) | |

_____ )

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, the U.S. Department of Homeland Security ("DHS"), a component of which is the Federal Emergency Management Agency ("FEMA"), by and through its undersigned counsel, hereby answers the Complaint as follows.

### FIRST DEFENSE

Plaintiff fails to state a claim for which the Court can grant relief.

### SECOND DEFENSE

In response to the specifically-enumerated paragraphs, as set forth in the Complaint, Defendant admits, denies and otherwise avers as follows:

### PRELIMINARY STATEMENT

1.      Paragraph 1 of the Complaint identifies Plaintiff Public Employees for Environmental Responsibility ("PEER"), as bringing suit under the Freedom of Information Act ("FOIA") against a component of DHS, specifically FEMA.  With respect to the remainder of

paragraph 1, FEMA denies it wrongfully withheld records or failed to respond within the statutory deadline to Plaintiff's September 1, 2017 FOIA request. FEMA avers that in its September 12, 2017 acknowledgement, FEMA determined the requested records were under the purview of National Protection and Programs Directorate ("NPPD"), a component of DHS, and would refer the request to NPPD, and included NPPD's contact information for Plaintiff to contact NPPD directly. FEMA referred the request to NPPD on September 12, 2017.

2.      Paragraph 2 of the Complaint contains Plaintiff's characterizations of its organization. DHS lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

3.      DHS admits the allegations in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint consists of a legal conclusion and descriptions of the FOIA, which require no response.

5.      Paragraph 5 of the Complaint consists of legal conclusions concerning the FOIA that require no response.

6.      DHS denies the allegations in Paragraph 6 of the Complaint. FEMA avers that in its September 12, 2017 acknowledgement, FEMA determined the requested records were under the purview of NPPD and would refer the request to NPPD, and included NPPD's contact information for Plaintiff to contact NPPD directly. FEMA referred the request to NPPD on September 12, 2017.

7.      Paragraph 7 of the Complaint contains a legal conclusion concerning the FOIA, which requires no response. The second sentence in Paragraph 7 of the Complaint consists of Plaintiff's purpose for its FOIA request, which requires no response. DHS denies the remainder of Paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint consists of a legal conclusion regarding the FOIA, and characterizations of Plaintiff's lawsuit, which require no response.

## JURISDICTION AND VENUE

9.      Paragraph 9 of the Complaint consists of legal conclusions regarding jurisdiction, which require no response.

10.     Paragraph 10 of the Complaint consists of legal conclusions regarding venue, which require no response.

11.     Paragraph 11 of the Complaint consists of a legal conclusion regarding declaratory relief, which requires no response.

12.     Paragraph 12 of the Complaint consists of a legal conclusion regarding attorneys' fees, which requires no response.

## PARTIES

13.     Paragraph 13 of the Complaint consists of Plaintiff's characterizations of its organization.  DHS lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

14.     Paragraph 14 of the Complaint consists of Plaintiff's characterizations of its organization.  DHS lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

15.     Paragraph 15 of the Complaint contains a legal conclusion regarding DHS, which requires no response, except to admit that DHS is an agency of the United States.

16.     Paragraph 16 of the Complaint consists of a legal conclusion regarding the responsibilities DHS has under the FOIA, which requires no response.  DHS denies the allegation in the second sentence of Paragraph 16 of the Complaint.

## STATEMENT OF FACTS

17.     DHS admits the allegations made in Paragraph 17 of the Complaint.

18.     DHS admits the allegations made in Paragraph 18 of the Complaint.

19.     DHS admits the allegations made in Paragraph 19 of the Complaint.

20.     DHS admits the allegations made in Paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint consists of legal conclusions regarding a FOIA statutory deadline, which require no response.  FEMA denies the implication it failed to abide by FOIA's statutory deadline, and avers that in its September 12, 2017 acknowledgement, FEMA determined the requested records were under the purview of NPPD and would refer the request to NPPD, and included NPPD's contact information for Plaintiff to contact NPPD directly.   FEMA referred the request to NPPD on September 12, 2017.

22.     DHS admits the allegations made in Paragraph 22 of the Complaint, and avers that in its September 12, 2017 acknowledgement, FEMA determined the requested records were under the purview of NPPD and would refer the request to NPPD, and included NPPD's contact information for Plaintiff to contact NPPD directly.  FEMA referred the request to NPPD on September 12, 2017.

23.     DHS admits that Plaintiff emailed FEMA's FOIA office on December 12, 2017, to inquire about the status of the FOIA request.  FEMA avers it replied to the email and informed Plaintiff that the FOIA request was closed because it had been referred to NPPD on September 12, 2017, after determining the requested records were under the purview of NPPD.  FEMA again included NPPD's contact information for Plaintiff to contact NPPD directly.  Furthermore, on December 12, 2017, FEMA emailed NPPD to confirm receipt of the September 12, 2017 referral. NPPD replied that the request was referred to NPPD and was assigned the request number 2017-NPFO-00752.  FEMA admits that it provided no further response or determination, and avers this

4

was because FEMA already determined the requested records were in NPPD's purview, referred the request to NPPD and closed it out on FEMA's end.  FEMA denies all other allegations made in Paragraph 23 of the Complaint.

24.     FEMA denies that as of Plaintiff's January 25, 2018 filing, Plaintiff had not received any determination from FEMA.  FEMA avers that Plaintiff did not receive any responsive records from FEMA because in its September 12, 2017 acknowledgement, FEMA determined the requested records were under the purview of NPPD and would refer the request to NPPD, and included NPPD's contact information for Plaintiff to contact NPPD directly.  FEMA referred the request to NPPD on September 12, 2017.

25.     Paragraph 25 of the Complaint consists of legal conclusions concerning the FOIA, and Plaintiff's characterizations of its lawsuit, which require no response.

## CAUSE OF ACTION

26.     DHS incorporates by reference its responses in the preceding paragraphs to the allegations made in the Complaint.

27.     DHS denies it failed to make a determination regarding Request No. 2017-FEFO-02241 within FOIA's time limits.  The remainder of Paragraph 27 of the Complaint consists of legal conclusions regarding the FOIA, which require no response.

The remainder of the Complaint is a prayer for relief to which no answer is required, but insofar as an answer is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

Each and every allegation not heretofore expressly admitted or denied is denied.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
 for the District of Columbia

D.C. BAR #472845

DANIEL F. VAN HORN
Chief, Civil Division
D.C. BAR # 924092

*/s/ Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL
D.C. BAR # 416587
Assistant United States Attorney
United States Attorney's Office – Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 252-2561
Fax: (202) 252-2599


Of counsel:

Jonathan Chase, Esq.
Office of Chief Counsel
Federal Emergency Management Agency