UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
PUBLIC EMPLOYEES FOR        )
ENVIRONMENTAL              )
RESPONSIBILITY             )
                          )
                Plaintiff,  )
                          )
        v.                  )        Civil Action No. 18-0158 (CKK)
                          )
U.S. DEPARTMENT OF          )
HOMELAND SECURITY          )
                          )
                Defendant.  )
_____ )

## <u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

Defendant, United States Department of Homeland Security, by its undersigned

attorneys, respectfully moves the Court, pursuant to Rule 56 of the Federal Rules of Civil

Procedure, for an order granting summary judgment in favor of defendant on the grounds that

no genuine issue as to any material fact exists and defendant is entitled to judgment as a

matter of law.  In support of this motion, the Court is respectfully referred to defendant's

accompanying declarations, exhibits, the Statement of Material Facts As To Which There Is

No Genuine Issue, and the Memorandum of Points and Authorities in Support of Defendant's

Motion For Summary Judgment.  A proposed order is also attached.


Respectfully submitted,

JESSIE K. LIU,
D.C. BAR # 472845
United States Attorney
    for the District of Columbia

DANIEL F. VAN HORN,
D.C. BAR #924092
Chief, Civil Division

/s/ *Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL,
D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 252-2561
 Marina.Braswell@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY )<br><br>Plaintiff, )<br><br>v. )<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY )<br><br>Defendant. ) | Civil Action No. 18-0158 (CKK) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7(h), defendant United States Department of Homeland Security ("DHS"), on behalf of the Federal Emergency Management Agency ("FEMA"), submits this statement of material facts as to which there is no genuine issue:

1.      By letter dated September 1, 2017, plaintiff made a request under the freedom of Information Act ("FOIA") for access to the Strategic National Risk Assessment ("SNRA") 2015 Findings [Report], May 2015; SNRA 2015 Technical Appendix, May 2015; SNRA 2015 Working Papers, May 2015; PPD-8 Implementation Plan, May 2011; SNRA Terms of Reference, June 2011; SNRA 2015 Update Background and General Guidance, February 2015; SNRA 2015 Qualitative Data Instructions, February 2015; SNRA 2015 Risk Summary Sheet Instructions & Template, February 2015; and any successor SNRA versions later than May 2015. Declaration of Gregory Bridges ("Bridges Decl."), attached, ¶ 3.

2.      In response to the request, FEMA produced without redaction the SNRA 2015 Update Background and General Guidance, February 2015; SNRA 2015 Qualitative Data Instructions, February 2015; and the SNRA 2015 Risk Summary Sheet Instructions & Template, February 2015.    Bridges Decl., ¶ 4.

3.      The remaining information was withheld pursuant to FOIA Exemption 5.  Bridges Decl., ¶ 4.

4.      FEMA subsequently made additional discretionary releases of information, withholding parts of documents pursuant to Exemption 5.  Bridges Decl., ¶ 5.

5.       The parties agreed to limit briefing to FEMA's invocation of Exemption 5 with respect to certain specified documents.  See Docket No. 20 at 1.

6.      FEMA invoked Exemption 5 of the FOIA to protect certain information contained in inter or intra-agency documents or memoranda which is protected from mandatory disclosure by the deliberative process privilege.  Bridges Decl., ¶ 9.

7.      More specifically, the information withheld consists of predecisional documents never adopted by FEMA that contain candid, predecisional views and deliberations of government officials concerning threats and hazards potentially facing this country.  Bridges Decl., ¶¶ 10-11.

8.      Release of the information withheld would harm FEMA's decision-making process by chilling the free exchange of information, ideas, opinions, recommendations and selectively chosen facts, and may cause confusion to the public as to the actual threats and hazards perceived by FEMA and the agencies with which it consults.  Bridges Decl., ¶¶ 12-13.

5.      FEMA released all reasonably segregable non-exempt information to plaintiff. Bridges Decl., ¶¶ 12-13.

2

Respectfully submitted,

JESSIE K. LIU,
D.C. BAR # 472845
United States Attorney
    for the District of Columbia


DANIEL F. VAN HORN,
D.C. BAR #924092
Chief, Civil Division

 /s/ *Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL,
D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 252-2561
Marina.Braswell@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————  )
                                                         )
PUBLIC EMPLOYEES FOR           )
ENVIRONMENTAL                      )
RESPONSIBILITY                        )
                                                         )
                         Plaintiff,            )
                                                         )
              v.                                   )          Civil Action No. 18-0158 (CKK)
                                                         )
U.S. DEPARTMENT OF               )
HOMELAND SECURITY              )
                                                         )
                         Defendant.          )
———————————————————  )

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

### PRELIMINARY STATEMENT

Plaintiff filed this civil action against defendant United States Department of Homeland Security ("DHS"), alleging that DHS's Federal Emergency Management Agency ("FEMA") violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in connection with plaintiff's request for certain specified information concerning FEMA's 2015 Strategic National Risk Assessment ("SNRA").  FEMA withheld certain information from plaintiff pursuant to FOIA Exemption 5.  Declaration of Gregory Bridges ("Bridges Decl."), attached, ¶ 9-14 & attached Vaughn Index.

As demonstrated below, and in the accompanying declarations of Gregory Bridges ("Bridges Decl."), and Leiloni Stainsby ("Stainsby Decl."), and the Vaughn Index describing the withheld information, FEMA has satisfied all of its FOIA obligations with respect to plaintiff's request, given plaintiff all of the records and information to which it is entitled.  Therefore,

judgment should be entered in favor of defendant based on the entire record, because there is no

genuine issue of material fact and defendant is entitled to judgment as a matter of law.

## **ARGUMENT**

### I.      **Pursuant to Exemption 5, FEMA Properly Withheld Information Subject to the Deliberative Process Privilege**

FOIA Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums

or letters which would not be available by law to a party . . . in litigation with the agency." 5

U.S.C. § 552(b)(5).  Here, all the documents at issue were exchanged within FEMA, or between

FEMA and other governmental entities, and thus qualifies as inter-agency or intra-agency

information.  Bridges Decl., ¶ 9.

The exemption protects records that ordinarily would be privileged in the civil

discovery context, and thus encompasses the deliberative process privilege, among other

privileges.  See Nat'l Labor Relations Bd. v. Sears, Roebuck & Co., 421 U.S. 132, 148-49

(1975); Abtew v. U.S. Dep't of Homeland Sec., 808 F.3d 895, 898 (D.C. Cir. 2015).   The

purpose of this privilege is to protect the government's decision-making process, and "rests on

the obvious realization that officials will not communicate candidly among themselves if each

remark is a potential item of discovery and front page news."  U.S. Dep't of Interior v. Klamath

Water Users Protective Ass'n, 532 U.S. 1, 8–9 (2001); Abtew, 808 F.3d at 898; Tax Analysts

v. IRS, 117 F.3d 607, 617 (D.C. Cir. 1997) (noting that the privilege "reflect[s] the legislative

judgment that the quality of administrative decision-making would be seriously undermined if

agencies were forced to 'operate in a fishbowl' because the full and frank exchange of ideas on

legal or policy matters would be impossible").  Application of the privilege, therefore, serves to

"prevent injury to the quality of agency decisions." NLRB, 421 U.S. at 150–51.

2

To qualify for protection under the deliberative process privilege, the agency must show that the information is both (1) "predecisional" and (2) "deliberative." Nat'l Ass'n of Home Builders v. Norton, 309 F.3d 26, 39 (D.C. Cir. 2002).  A document is predecisional if "it was generated before the adoption of an agency policy," and deliberative if "it reflects the give-and-take of the consultative process." Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980); Abtew, 808 F.3d at 899.  The privilege applies to documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." NLRB, 421 U.S. at 150; Coastal States Gas Corp., 617 F.2d at 866 (deliberative process privilege protects documents "which would inaccurately reflect or prematurely disclose the views of the agency").  The privilege "'ensur[es] that persons in an advisory role would be able to express their opinions freely to agency decision-makers without fear of publicity.  . . .   Such consultations are an integral part of its deliberative process; to conduct this process in public view would inhibit frank discussion of policy matters and likely impair the quality of decisions.'" McKinley v. Bd. Of Gov. of the Fed. Reserve Sys., 647 F.3d 331, 339-40 (D.C. Cir. 2011) (quoting Ryan v. Dep't of Justice, 617 F.2d 781, 789-90 (D.C. Cir. 1980)).

The deliberative process privilege also protects factual materials that are closely intertwined with opinions, recommendations, and deliberations. Ancient Coin Collectors Guild v. U.S. Dep't of State, 641 F.3d 504, 513 (D.C. Cir. 2011) ("[T]he legitimacy of withholding does not turn on whether the material is purely factual in nature or whether it is already in the public domain, but rather on whether the selection or organization of facts is part of an agency's deliberative process."); Mapother v. Dep't of Justice, 3 F.3d 1533, 1538-39

3

(D.C. Cir. 1993).  Whether a document is predecisional does not depend on the agency's ability to identify a specific decision for which the document was prepared.  NLRB, 421 U.S. at 151 n.18.  Rather, the deliberative process privilege applies as long as the document is generated as part of a continuing process of agency decision- making.

Here, FEMA invoked Exemption 5's deliberative process privilege to protect certain predecisional information in documents.  The predecisional nature of the documents and information is explained by Ms. Stainsby as follows:

> The 2015 draft SNRA Documents were developed by FEMA's National Integration Center (NIC), which develops guidance and tools to assist communities in tackling their unique preparedness challenges and coordinates the adoption and implementation of a common incident management platform for emergency responders and officials.  The NIC is a division of FEMA's National Preparedness Directorate (NPD), an organizational component tasked with helping people and communities become more resilient by developing the capabilities needed to prevent, protect against, respond to, recover from, and mitigate against all threats and hazards.  NPD provides guidance, programs, and processes to empower people and the communities they live in to be prepared for any hazard.  The NIC intended the 2015 SRNA Documents to be the risk-based analytic foundation of the National Preparedness Goal.

> In April of 2015, the NIC forwarded the SNRA Documents to several offices [footnote omitted] throughout FEMA for review, including my office, the National Preparedness Assessment Division.  To my knowledge, the NIC did not send the SNRA Documents through the formal concurrence process and NPD leadership did not approve them.  Without review and concurrence, the SNRA Documents were never finalized or publicly released.

Stainsby Decl., ¶¶ 3-4; Bridges Decl., ¶ 10.  Thus, given that none of the documents ever received final approval by those responsible for giving such approval, they were never finalized and remain predecisional.

The fact that the decisionmaking process concluded without any final decision or finalized documents does not strip these documents of their predecisional character.  As the Supreme Court made clear in <u>NLRB</u>, 421 U.S. at 151 n.18 (1975):

> Our emphasis on the need to protect pre-decisional documents does not mean that the existence of the privilege turns on the ability of an agency to identify a specific decision in connection with which a memorandum is prepared. Agencies are, and properly should be, engaged in a continuing process of examining their policies; this process will generate memoranda containing recommendations which do not ripen into agency decisions; and the lower courts should be wary of interfering with this process.

<u>Id</u>.

The information withheld is deliberative.  As the Stainsby Declaration makes clear, these documents contain opinions and recommendations on the various potential threats and hazards facing this country.  <u>Id</u>. at ¶¶ 5-18.  Mr. Bridges further explains that:

> The information in these documents is deliberative because they consist of proposed factual findings, proposed assessments of information pertaining to threats and hazards, and other opinions, recommendations, and proposed conclusions made by the authors.  Any factual information included in these documents consists of facts culled from a larger set of facts concerning threats and hazards.  The authors of these documents used their judgment as to which facts to include and which facts to exclude, and thus release of this factual information would reveal their deliberative process in selecting pertinent facts to include in these draft documents.  Additionally, the factual information is so entangled with the analyses and proposed conclusions in these documents that its release would reveal the deliberative process and, because the documents were never finalized, may not reflect FEMA's actual position regarding the risks and impacts such threats and hazards could present.

<u>Id</u>, at ¶ 11.

Factual information that is included in documents through the exercise of judgment calls requiring extracting facts from a larger set of facts is entitled to exemption 5 protection.  As the

Court held in <u>Electric Frontier Foundation</u> v. <u>U.S. Dep't of Justice</u>, 890 F. Supp.2d 35 (D.D.C.

2012):

> 'The deliberative process privilege does not ... protect material that is purely
> factual, *unless* the material is so inextricably intertwined with the deliberative
> sections of documents that its disclosure would inevitably reveal the government's
> deliberations,' *In re Sealed Case,* 121 F.3d at 737 (emphasis added), or 'it reflects
> an "exercise of discretion and judgment calls,"' *Ancient Coin Collectors Guild v.
> U.S. Dep't of State,* 641 F.3d 504, 513 (D.C.Cir.2011) (quoting *Mapother v. DOJ,*
> 3 F.3d 1533, 1539 (D.C.Cir.1993)). . .
>
> It does, on the other hand, protect 'factual material ... assembled through an
> exercise of judgment in extracting pertinent material from a vast number of
> documents for the benefit of an official called upon to take discretionary action.'
> *Mapother,* 3 F.3d at 1539; *see Ancient Coin Collectors Guild,* 641 F.3d at 513
> (deeming protected under the deliberative process privilege 'factual summaries
> contained in [agency] reports [which] were culled by the [agency] from the much
> larger universe of facts presented to it and reflect an exercise of judgment as to
> what issues are most relevant to the pre-decisional findings and
> recommendations' (internal quotation marks omitted)).

<u>Id</u>. at 47-48.

Because the Bridges Declaration makes clear that the factual information here was culled

from a larger set of facts, and represents the judgment of what the authors thought were pertinent

facts but might not be thought of as pertinent by any FEMA official with authority to finalize

these documents, the factual information was properly protected under Exemption 5.

Finally, disclosure of this predecisional deliberative information could cause

confusion for the public and would cause harm to the agency's decision-making process.

Mr. Bridges explains that:

> Release of the deliberative information would greatly harm the agency's
> deliberative process by prematurely revealing potential threats and hazards, and
> analyses and recommendations concerning these potential threats and hazards
> when no final determination was made as to whether the potential threats and
> hazards were in fact threats and hazards that needed to be addressed in the manner
> suggested by the analyses and recommendations.  Release of this information

would therefore cause confusion to the public and may result in members of the public taking action on potential threats and hazards where no action is warranted, or not the action suggested by a recommendation contained in the documents.

Bridges Decl., ¶ 12.

Additionally, release of this deliberative information would harm the agency's decision-making process because it would chill the needed open and frank discussion about possible threats and hazards facing this country and how they should be addressed. As the Supreme Court aptly observed, "officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." Klamath Water Users Protective Ass'n, 532 U.S. at 8–9.  In this regard Mr. Bridges points out that:

Agency personnel may hold back from sharing important observations, analyses and recommendations, or factual information they thought should be considered, if they knew that such deliberations would be made public, and this would seriously undermine the development of an adequate, thorough, thoughtful, soundly based assessment of hazards and threats facing this country.

Bridges Decl., ¶ 13.

Exemption 5's deliberative process privilege was designed  specifically to prevent harm to the government's decision-making process.  The Bridges and Spainsby declarations amply demonstrate that the information withheld here is predecisional and deliberative in nature, including the factual information.  Its release would harm the agency's decision-making process in ways courts have recognized should be prevented through the application of FOIA Exemption 5.

Accordingly, defendant's invocation of Exemption 5 here should be upheld.

## II.     **FEMA Has Complied with FOIA's Segegability Requirement**.

Under the FOIA, if a record contains information exempt from disclosure, any "reasonably segregable," non-exempt information must be disclosed after redaction of the exempt information.  5 U.S.C. § 552(b).  Non-exempt portions of records need not be disclosed if they are "inextricably intertwined with exempt portions." Mead Data Cent., Inc. v. Dep't of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).  To establish that all reasonably segregable, non-exempt information has been disclosed, an agency need only show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated.  Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996); Canning v. Dep't of Justice, 567 F. Supp.2d 104, 110 (D.D.C. 2008).  When an agency demonstrates that it has undertaken a "page-by-page" review of all the documents, and then submits a declaration attesting that each piece of information that is withheld is not reasonably segregable, this is sufficient to show that an entire document, or particular information within a document, cannot be produced.  Juarez v. U.S. Dep't of Justice, 518 F.3d 54, 61 (D.C. Cir. 2008); Beltranena v. U.S. Dep't of State, 821 F. Supp. 2d 167, 178–79 (D.D.C. 2011).

The Bridges Declaration states that:

As the Vaughn Index shows, FEMA conducted a line-by-line review of all of the withheld information to ensure that it contained no segregable, nonexempt information.  With respect to each piece of information withheld, no further information could be reasonably segregated from the exempt information and released, including factual information . . . .

Id. at ¶ 15.

Thus, because FEMA carefully reviewed the material withheld and determined that no additional non-exempt information could be released, this Court should find that the

segregability requirement has been met.

## **CONCLUSION**

Accordingly, for all of the reasons set forth above and in the accompanying declarations, defendant respectfully submits that this motion for summary judgment should be granted.

Respectfully submitted,

JESSIE K. LIU,
D.C. BAR # 472845
United States Attorney
    for the District of Columbia


DANIEL F. VAN HORN,
D.C. BAR #924092
Chief, Civil Division

 /s/ *Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL,
D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 252-2561
Marina.Braswell@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
PUBLIC EMPLOYEES FOR                      )
ENVIRONMENTAL                             )
RESPONSIBILITY                            )
                                          )
                        Plaintiff,        )
                                          )
            v.                            )        Civil Action No. 18-0158 (CKK)
                                          )
U.S. DEPARTMENT OF                        )
HOMELAND SECURITY                         )
                                          )
                        Defendant.        )
_____          )

## ORDER

Upon consideration of defendant's motion for summary judgment, plaintiff's opposition, and the entire record in this case, the Court finds that there are no issues of material fact and the defendant is entitled to judgment as a matter of law. Therefore, it is hereby

ORDERED that defendant's motion for summary judgment is granted.

This is a final, appealable order.


_____
UNITED STATES DISTRICT JUDGE